J-S22004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :  PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| BARRY R. BAKER, SR. | : |
| | : |
| Appellant | : No. 1254 EDA 2025 |

Appeal from the PCRA Order Entered April 16, 2025
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003201-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED AUGUST 10, 2026**

Barry R. Baker, Sr. appeals from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Baker's counsel has filed an application for leave to withdraw as counsel along with a **_Turner_/_Finley_**[1] no merit letter. After careful review, we grant counsel's request to withdraw and affirm the order dismissing Baker's PCRA petition.

Briefly, we note Baker was charged with two counts of possession with intent to deliver a controlled substance ("PWID") after delivering methamphetamine to a confidential informant on two separate occasions. On November 7, 2022, Baker entered an open guilty plea to the two counts of

_____

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988) and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

PWID on this case, along with another count of PWID on a separate docket. Baker filled out and signed a written guilty plea colloquy and the court conducted an oral colloquy on the record prior to accepting Baker's plea. On January 13, 2023, the court sentenced Baker to an aggregate sentence of 7 to 14 years' incarceration and a consecutive term of 2 years' probation on both dockets. Further, the court, due to Baker's medical issues, gave Baker a report date of April 4, 2023.

Baker did not report on April 4, 2023, and absconded. A bench warrant was issued for his arrest. Baker was arrested on July 9, 2023, and began serving his sentence.

Baker did not file a post-sentence motion or appeal to this Court. On February 12, 2024, Baker filed, through counsel, a PCRA petition. Baker asserted plea counsel was ineffective for failing to present mitigating evidence at sentencing and for failing to file a direct appeal.

An evidentiary hearing was held on April 11, 2025. Baker and his plea counsel testified. On April 16, 2025, the PCRA court denied and dismissed Baker's PCRA petition. Counsel filed a motion to withdraw as counsel. The PCRA court granted counsel's request on May 16, 2025. On that same day, counsel filed a notice of appeal.

Subsequently, the office of the public defender was appointed to represent Baker. After multiple extensions of time to file a Rule 1925(b) statement were sought and granted, counsel filed a statement of intent to file

a **Turner**/**Finley** no merit letter. **See** Pa.R.A.P. 1925(b), (c)(4). The court thereafter referred this Court to its order dismissing Baker's PCRA petition in its Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a).

Before we can turn to the merits of Baker's claims, we must first address counsel's application to withdraw pursuant to **Turner**/**Finley**:

> Counsel petitioning to withdraw from PCRA representation must proceed under **Turner** and **Finley** and must review the case zealously. **Turner**/**Finley** counsel must then submit a no-merit letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the no-merit letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Frazier**, 330 A.3d 822, 823-24 (Pa. Super. 2024) (citation, brackets, and quotation marks omitted).

Counsel has substantially complied with the requirements for withdrawal pursuant to **Turner**/**Finley**. Counsel detailed the records she reviewed, including quoting extensively from multiple transcripts in her **Turner**/**Finley**

no merit letter to this Court. *See Turner*/*Finley* Letter Brief, at 1-2, 5-21. Counsel extensively reviewed the case, listed the issues Baker wished to raise, and explained why they lack merit. *See id.* at 5-21. Separately, counsel filed an application for leave to withdraw as counsel. *See* Application for Leave to Withdraw. Both the application and letter brief were sent to Baker and counsel advised Baker of his right to proceed *pro se* or with newly retained counsel. *See Turner*/*Finley* Letter Brief, at 22. As counsel met the requirements of *Turner*/*Finley*, we will now proceed with our own review of the merits of the case.

We begin with our well-established standard of review:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We review questions of law *de novo*, and our scope of review is limited to the PCRA court's findings and the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party.

*Commonwealth v. Johnson*, 353 A.3d 609, 627 (Pa. 2026) (quotation marks and footnotes omitted).

Furthermore, we must note:

The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding.

*Commonwealth v. Knight*, 348 A.3d 1155, 1165 (Pa. Super. 2025) (citation omitted).

- 4 -

Baker's first few claims allege plea and PCRA counsel were ineffective. *See Turner*/*Finley* Letter Brief, at 4. "Counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." *Knight*, 348 A.3d at 1165 (brackets, internal quotation marks, and citation omitted).

> To overcome the presumption of counsel's effectiveness, a PCRA petitioner must plead and prove each of the following three prongs:
>
> > (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Id.* at 1165-66 (citations and ellipsis omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citation omitted).

Baker first argues plea counsel was ineffective for coercing him into pleading guilty "or [he] would get 35-70 years [of incarceration]." *Turner*/*Finley* Letter Brief, at 4. He further submits his plea was not voluntarily entered because of his attorney's coercion. *See id.*

It is well-established:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's

- 5 -

deficient stewardship resulted in manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence does not constitute manifest injustice.

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

***

[Pa.R.Crim.P. 590, cmt.]

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Felix*, 303 A.3d at 820 (citations, quotation marks, and brackets omitted).

Furthermore, "a defendant is bound by the statements that he makes during his plea colloquy." ***Commonwealth v. Ramirez-Contreras***, 320 A.3d 756, 760 (Pa. Super. 2024).

Counsel submits the claim counsel coerced him into pleading guilty lacks merit because Baker had signed and initialed a written colloquy prior to pleading guilty, an oral colloquy was conducted on the record, and Baker clearly told the court that he was pleading guilty of his own free will. ***See id.*** at 5-9.

The PCRA court similarly found Baker voluntarily pled guilty:

At the hearing on November 7, 2022, [Baker] testified and/or acknowledged in the guilty plea colloquy that he had time to review the matter thoroughly with his attorney before entering his guilty plea, and that he was satisfied with the services provided by him. He also testified that he understood the various matters discussed in it. In addition, he testified that he was pleading guilty because he did, in fact, commit the crimes to which he was

pleading guilty. Further, he indicated that no one promised him anything in order to get him to plead guilty, and that no one threatened, pressured or forced him in any way to plead guilty. At the time the guilty plea was entered, the court was of the opinion that [Baker's] plea was knowingly, voluntarily and intelligently offered. The court is still of that opinion.

\*\*\*

Each and every area of inquiry outlined [in the comments to Rule 590] was explained to [Baker] by the court, by his attorney, and/or by the guilty plea colloquy which was read and signed by him.

\*\*\*

In the instant case, [Baker] entered into a plea with the hopes of limiting his potential jail time. Although it appears that [Baker] entered his plea with the fervent hope that the court would sentence him to a more lenient term, the court finds that he nonetheless proceeded fully aware and informed of the right he was taking. Dashed desires do not equate to unlawful conduct and do not merit post-conviction relief. …

Order, 4/16/25, at 2-3.

We agree this claim is meritless. The statements Baker made at the PCRA hearing to support this claim are contradicted by his statements at the guilty plea hearing. During the plea hearing, the court colloquied Baker regarding his intent to plead guilty. *See* N.T. Guilty Plea Hearing, 11/7/22, at 3-7. Further, Baker filled out, initialed, and signed a written colloquy form that was admitted into evidence. *See* Guilty Plea Colloquy, at 1, 5-9. Between the oral and written colloquy, Baker acknowledged he understood the nature of the charges to which he was pleading guilty, the factual basis for the plea, that he has a right to trial by jury, that he is presumed innocent until proven

guilty, and the permissible ranges of sentences and fines for the offenses. **See** N.T. Guilty Plea Hearing, 11/7/22, at 3-7; Guilty Plea Colloquy, at 1, 5-9.

Notably, Baker agreed that no one used any force, threats, or promises to obtain his guilty plea. **See** Guilty Plea Colloquy, at 6. He acknowledged the guideline ranges for each offense he was pleading guilty to prior to pleading guilty. **See** N.T. Guilty Plea Hearing, 11/7/22, at 3-4. Finally, plea counsel testified at the PCRA hearing that he did not tell Baker he was going to receive a sentence of 35 to 70 years' incarceration if he didn't enter a guilty plea. **See** N.T. PCRA Hearing, 4/11/25, at 36-37. The PCRA court found counsel's testimony credible and Baker's testimony incredible. **See** Order, 4/16/25, at 3. We are bound by those credibility determinations, as they are supported by the record. **See Knight**, 348 A.3d at 1165; **Commonwealth v. Franklin**, 346 A.3d 812, 820 (Pa. Super. 2025) ("this Court is bound by the PCRA court's credibility determinations when the record supports them.") (citation omitted).

We therefore agree with counsel that this claim is meritless. The certified record clearly and conclusively demonstrates that Baker entered into a knowing, intelligent, and voluntary plea and he has therefore failed to establish counsel interfered with his decision.

Next, Baker asserts plea counsel was ineffective for failing to file a direct appeal. **See Turner/Finley** Letter Brief, at 4. Specifically, Baker claims his

plea counsel told him he did not have a right to appeal because he pled guilty. *See id.*

"[B]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and … counsel disregarded the request." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

Here, counsel submits the claim is meritless because Baker was advised of his right to file a post-sentence motion and direct appeal. ***See Turner***/***Finley*** Letter Brief, at 13-14. Further, the claim is meritless because the PCRA court found Baker's testimony incredible that he asked for an appeal and plea counsel's testimony credible that, if asked, he would have filed a post-sentence motion and notice of appeal. ***See id.*** at 14-16.

The PCRA court held:

[Baker] also asserts that his attorney failed to file a direct appeal and/or advise him of his post-sentence rights. First, the guilty plea colloquy signed and initialed by [Baker] clearly informed him of his appellate rights. Second, the court fully advised him of his appellate rights when he was sentenced. Third, [Baker's] attorney … testified at the April 11, 2025 hearing. He stated that [Baker] knew to expect a sentence in the five to ten year range, and that [Baker] never asked him to withdraw his guilty plea or file an appeal. If he would have been asked to do so, he would have taken the steps necessary to effectuate these actions. While [Baker] claims that his attorney told him that there was no right to appeal when you take a plea, [counsel] denies ever saying that. The court finds [counsel's] testimony credible, and finds [Baker's] testimony incredible. Accordingly, the court rejects [Baker's] claim that he wanted to appeal his sentence but was told that he was not permitted to do so. Thus, [Baker] is not entitled to any relief on this basis.

- 10 -

Order, 4/16/25, at 3-4 (unnecessary capitalization and record citations omitted).

We agree the assessment by the PCRA Court and find that this claim is meritless. The written guilty plea colloquy detailed Baker's post-sentencing rights, including the limited grounds on which to appeal after a guilty plea is entered. **See** Guilty Plea Colloquy, at 7-9. At the conclusion of the sentencing hearing, the court reminded Baker that he had 30 days to appeal and an attorney would be appointed to represent him if he could not afford one. **See** N.T. Sentencing, 1/13/23, at 25. Finally, and most importantly, the PCRA found Baker's testimony that he told counsel he wanted to appeal and was told he cannot to lack credibility. **See** Order, 4/16/25, at 3. This is supported by the record and is therefore binding upon this Court. **See Knight**, 348 A.3d at 1165. This issue is meritless.

Next, Baker asserts PCRA counsel was ineffective for failing to claim plea counsel coerced his plea by misrepresenting that he could not proceed with an entrapment defense. **See Turner**/**Finley** Letter Brief, at 4, 16.

Counsel submits this claim is meritless because PCRA counsel did question plea counsel about the discussions between Baker and plea counsel regarding the entrapment defense. **See id.** at 16-17.

We agree this claim does not entitle Baker to any relief. Plea counsel testified at the PCRA hearing that the only defense discussed with Baker was entrapment. **See** N.T. PCRA Hearing, 4/11/25, at 29. Plea counsel explained

that after he reviewed discovery, he believed a guilty plea was the best option. *See id.* at 29, 36. Thereafter, Baker decided to plead guilty. *See id.*

As the record clearly shows, Baker discussed the entrapment defense with his plea counsel "at length." *Id.* at 25. Plea counsel believed it was not a viable defense, and, after consultation with his attorney, Baker chose to plead guilty. *See id.* at 29, 35-36. The record simply does not support Baker's claim.

In his next issue, Baker again reiterates his claim that plea counsel coerced him into the guilty plea by telling him he would receive a lengthy sentence if he went to trial; but this time, Baker couches the claim as PCRA counsel's ineffectiveness for failing to raise plea counsel's ineffectiveness. *See Turner/Finley* Letter Brief, at 4.

We need not address this claim under the layered ineffectiveness claim because "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Johnson*, 289 A.3d 959, 1034 (Pa. 2023) (citation omitted). Since we found Baker's claim that plea counsel was ineffective to lack any merit, it necessarily follows that PCRA counsel cannot be found ineffective for failing to raise the meritless claim. *See id.* Therefore, counsel is correct that this claim also does not entitle Baker to any relief.

Finally, Baker asserts the PCRA court erred in finding plea counsel credible and claims the PCRA court admitted it had been friends with plea counsel for 40 years. *See Turner/Finley* Letter Brief, at 4, 18. Counsel notes this claim is meritless because it is belied by the record. *See id.* at 21. The

PCRA court never said it had a 40 year friendship with plea counsel and detailed its reasons for finding plea counsel credible and Baker incredible. ***See id.***

We cannot find anything in the record to support Baker's claim that the PCRA court and plea counsel have been friends for 40 years or that their suggested friendship would have had any bearing on this case. There is simply nothing that supports this bald allegation. Furthermore, the court explained, in detail, why it found plea counsel credible and why Baker's PCRA hearing testimony was incredible. ***See*** N.T. PCRA Hearing, 4/11/25, at 42-47. As these credibility findings are supported by the record, we are bound by them. ***See Franklin***, 346 A.3d at 820. As such, this final claim is meritless. We commend the PCRA court for handling this claim with upmost professionalism.

Because we agree with counsel that all of Baker's claims are meritless, we grant counsel's application to withdraw as counsel and affirm the order of the PCRA court.

Application to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/10/2026

- 13 -